UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LACI DION MYERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | |
| WILLIAM BARR, ET AL., | ) | 3:20-CV-1925-G |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the respondents' motion to dismiss as moot the petition for

a writ of mandamus filed in this case (docket entry 26).  For the reasons stated

below, the motion is granted.

## I.  INTRODUCTION

On July 21, 2020, the petitioner Laci Dion Myers ("Myers") filed a petition

for a writ of mandamus asking the court to compel the respondents to render a

decision on her petition for alien relative (Form I-130).  *See generally* Complaint for

Injunctive and Declaratory Relief and Petition for Writ of Mandamus ("Petition")

(docket entry 1).

On November 2, 2020, the court dismissed Myers's claims against the respondents William Bierman, as USCIS Field Office Director, Federal Bureau of Investigation (FBI), and Christopher A. Wray, as Director of the FBI, pursuant to Rule 4(m), FED. R. CIV. P.  *See* docket entry 24.  On November 13, 2020, the court dismissed Myers's claims against respondents United States of America, United States Department of Homeland Security (DHS), Chad F. Wolf, as Acting Secretary of DHS, United States Citizenship and Immigraiton [sic] Services (USCIS), Ken Cuccinelli, as Acting Director of USCIS, and Loren K. Miller, as Acting Director of USCIS Nebraska Service Center, pursuant to Rule 4(m), FED. R. CIV. P.  *See* docket entry 25.

On November 23, 2020, the respondents United States Department of Justice, Attorney General William Barr, and Tony Bryson, District Director, U.S. Citizenship and Immigration Services ("USCIS") Dallas Field Office, (collectively, "respondents") moved to dismiss Myers's petition under Federal Rules of Civil Procedure 12(b)(1) and (6).  *See generally* Defendants' Motion to Dismiss ("Motion") (docket entry 26).  The respondents contend that "[o]n August 4, 2020, USCIS denied Myers' Form I-130 application, and informed Myers of this decision."  *Id*. at 1-2; *see also* Appendix to Defendants' Motion to Dismiss (docket entry 27) at 3-4.  The respondents argue that "Myers has thus received the relief sought in the complaint, so this action is

moot." Motion at 2. Myers did not file a timely response. Thus, the motion is now ripe for decision.

## II. ANALYSIS

Under Article III of the Constitution, federal courts may adjudicate only "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) (citations omitted). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citations omitted). "If a dispute has been resolved or if it has evanesced because of changed circumstances, . . . it is considered moot." *American Medical Association v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citation omitted). Where the question of mootness arises, the court must resolve it before it can assume jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (citations omitted). If a controversy is moot, the trial court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 15-16 (5th Cir. 1978) (per curiam).

The respondents contend that they adjudicated Myers's Form I-130 application for alien relative. *See* Motion at 3-4. She does not contest this fact. The only relief Myers sought in her petition for writ of mandamus was mandatory injunctive relief compelling the respondents to render a decision on her I-130 application for alien relative. *See* Petition ¶ 22. The respondents adjudicated her

application.  Therefore, the petition is moot.  As a result, there is no case or controversy for the court to resolve, there is no further substantive relief the court can grant, and the court lacks subject matter jurisdiction.  *Carr*, 582 F.2d at 15-16.

## III.  CONCLUSION

For the reasons stated above, the respondents' motion to dismiss Myers's petition for writ of mandamus is **GRANTED**.  Judgment will be entered dismissing Myers's petition as moot.

**SO ORDERED.**

December 15, 2020.

_A. Joe Fish_

**A. JOE FISH**
**Senior United States District Judge**

- 4 -